UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MIRIAM HARRIS | : | Case No.: 1:08-cv-00214 |
| | : | |
| Plaintiff, | : | Judge |
| | : | |
| v. | : | **COMPLAINT AND JURY DEMAND** |
| | : | |
| BROWN MACKIE COLLEGE | : | |
| | | |
| Defendant. | : | |

## I.  PRELIMINARY STATEMENT

1.  This is an action for damages and injunctive relief brought pursuant to the Rehabilitation Act of 1973, the Americans with Disabilities Act, and Ohio Rev. Code Chapter 4112.

2.  Specifically, Plaintiff alleges that Brown Mackie College failed to accommodate her disability, resulting in her inability to complete the practical nursing diploma program.

## II.  JURISDICTION AND VENUE

3.  This action is brought, *inter alia,* pursuant to 29 U.S.C. § 794 and 42 U.S.C. § 12182.  This court has jurisdiction pursuant to 28 U.S.C. § 1331. This court has supplemental jurisdiction of the state law claim pursuant to 28 U.S.C. § 1367(a).

4.  Venue in the United States District Court, Southern District of Ohio, is proper pursuant to 28 U.S.C. § 1391(B).

## III.  PARTIES

5.  Plaintiff is a resident of Cincinnati, Ohio.

6. Defendant Brown Mackie College is a private system of schools with sixteen locations in seven states, including Cincinnati, Ohio. Brown Mackie is a place of public accommodation and receives federal financial assistance.

**IV. FACTS**

7. In April, 2005, Plaintiff enrolled in the practical nursing diploma program at Brown Mackie College—Cincinnati.

8. Plaintiff has been diagnosed with Mixed Receptive-Expressive Language Disorder and Dyslexia.

9. A Mixed Receptive-Expressive Language Disorder is characterized as impairment in both receptive and expressive language development. Dyslexia is a learning disability that affects the way in which a person processes language-based information.

10. Plaintiff requested accommodations from the disabilities services coordinator for her disabilities.

11. Brown Mackie agreed to the following accommodations: use of a tape recorder for lecture or labs; additional time to complete assignments; testing accommodations, quiet location and time and a half; tutoring. Specific testing accommodations included taking tests on paper rather than on the computer.

12. Plaintiff passed all of her classes except the last class, Preceptorship (PN 2995).

13. Preceptorship is a class in which the students practice taking a mock examination of the national licensure examination or NCLEX (National Council

Licensure Exam). Students use a textbook, *Saunders Comprehensive Review for the NCLEX-PN Examination,* Edition 3, to study for the practice exams. The practice exams are taken on a computer with questions taken from the *Saunders* textbook.

14. Preceptorship class lasts for one month. During that time, students are allowed to take six proctored NCLEX exams. A passing grade is 80% or more. When a student passes a proctored practice exam, the student passes the class. Students may take the Preceptorship class up to three times. Students therefore may take up to eighteen proctored tests to pass the preceptorship class.

15. Plaintiff registered from Preceptorship in September, 2006. She took the first practice test on the computer and failed.

16. Brown Mackie agreed to give Plaintiff paper tests. However, the questions on the paper tests were drawn from sources other than *Saunders*, the textbook Plaintiff was given to study.

17. Parts of many of the paper tests were illegible. Plaintiff was told to do the best she could.

18. The testing was not done in a quiet location.

19. Tutors were rarely available to help Plaintiff review the test results.

20. Plaintiff repeatedly requested that she be tested on the material that she was studying. Brown Mackie responded that it was unable to get the test materials from the computer test onto a paper format.

21. Plaintiff could not pass the NCLEX without reasonable accommodations and was dismissed from the program.

22. Brown Mackie failed to engage in a meaningful, interactive exchange to address Plaintiff's request for an accommodation.

23. Plaintiff has a physical impairment that substantially limits a major life activity.

24. Plaintiff has a record of having a physical impairment that substantially limits a major life activity.

25. Plaintiff was regarded as having a physical impairment that substantially limits a major life activity.

26. At all times, Plaintiff was capable of satisfying the academic and technical requirements set by Brown Mackie with the aid of reasonable accommodations.

**V.     FIRST CLAIM FOR RELIEF: 29 U.S.C. § 794:  The Rehabilitation Act**

27. Solely because of Plaintiff's disability, Defendant excluded Plaintiff from the participation in, denied the benefits of, and/or subjected Plaintiff to discrimination under a program or activity receiving Federal financial assistance.

**VI.    SECOND CLAIM FOR RELIEF: 42 U.S.C. § 12131: ADA**

28. Plaintiff was discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation by Defendants who own and/or operate a place of public accommodation.

## VII. THIRD CLAIM FOR RELIEF: Ohio Rev. Code § 4112.99

29. Because of Plaintiff's handicap, Defendants denied Plaintiff the full enjoyment of the accommodations, advantages, facilities and privileges of UI&U.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court:

A. Award Plaintiff compensatory damages in an amount to be shown at trial;

B. Award Plaintiff punitive damages in an amount to be shown at trial;

C. Grant injunctive relief ordering Defendants to reasonably accommodate Plaintiff's disability;

D. Award Plaintiff reasonable attorney's fees and costs; and

E. Grant to Plaintiff such additional relief as the Court deems just and proper.

Respectfully submitted,
/s/ Lisa T. Meeks
Lisa T. Meeks (0062074)
lisameeks@newman-meeks.com
Robert B. Newman (0023484)
robertnewman@newman-meeks.com
NEWMAN & MEEKS CO., L.P.A.
215 E. Ninth Street, Suite 650
Cincinnati, Ohio  45202
Phone:  (513 ) 639-7000
Fax:  (513) 639-7011

Counsel for Plaintiff

## Jury Demand

Plaintiff hereby demands a trial by jury of all issues triable by a jury.
/s/ Lisa T. Meeks
Lisa T. Meeks (0062074)